UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:21-cr-00081 |
| v. | : |
| | : Judge Thomas M. Rose |
| JOSEPH HEISLE, | : |
| Defendant. | : |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION UNDER THE COMPASSIONATE RELEASE STATUTE DUE TO A FAMILY EMERGENCY PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DOC. NO. 30)**

This case is before the Court on the Motion for "a Sentence Reduction Under the Compassionate Release [Statute] Due to [a] Family Emergency Pursuant to [1]8 U.S.C. §3582(c)(1)(A)" (Doc. No. 30) (the "Motion"), filed by Joseph Heisle ("Heisle"). Heisle is currently incarcerated at Lexington FMC (Federal Medical Center) in Kentucky. He asks the Court for compassionate release from his term of imprisonment. More specifically, Heisle requests "a sentence reduction under the compassionate release [sic] pursuant to [1]8 U.S.C. § 3582(c)(1)(A) due to defendant's [m]other's death." (Doc. No. 30 at PageID 138.) For the reasons discussed below, the Court **DENIES** Heisle's Motion.

I.     BACKGROUND

On June 22, 2021, the United States of America (the "Government") filed a two-count Indictment against Heisle in this case. (Doc. No. 4.) Count one charged Heisle with knowingly and intentionally possessing with intent to distribute forty grams or more of a mixture or substance containing a detectable amount of fentanyl and fifty grams or more of a mixture or substance

1

containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. No. 4 at PageID 10.) Count two charged Heisle with knowingly and intentionally managing a controlled place as an owner and occupant, and in doing so, knowingly and intentionally making available for use, with and without compensation, the place for the purpose of unlawfully storing and distributing a controlled substance in violation of 21 U.S.C. § 856(a)(2). (*Id.* at PageID 11.)

On September 28, 2021, pursuant to a plea agreement, Heisle pleaded guilty to Count two of the Indictment.[1] (Doc. No. 21.) The Statement of Facts attached to the Plea Agreement, signed by Heisle and his attorney, states:

> During May 2021, in Montgomery County, Ohio, defendant Joseph Heisle knowingly and intentionally used [his] home in Dayton, Ohio to store and distribute illegal controlled substances. Throughout that time, Mr. Heisle kept at his personal residence bulk amounts of fentanyl and methamphetamine that he intended for resell. Upon acquiring a buyer for these drugs, Mr. Heisle would remove a portion of these controlled substances from his residence and deliver them to his customers.
>
> For the information of the Court, fentanyl and methamphetamine are Schedule II controlled substances.

(Doc. No. 21 at PageID 65.)

The Final Presentence Investigation Report ("PSI") prepared for Heisle provided additional information about the circumstances of the offense, and it identified approximately eighteen prior adult criminal convictions, as well as numerous minor convictions. (Doc. No. 25 (PSI) at ¶¶ 37-55.) Heisle's extensive criminal history contained numerous convictions for possession of controlled substances, including one conviction for "Possession With Intent to Distribute 100 Grams [or] More of a Mixture or Substance Containing a Detectable Amount of Heroin." (*Id.* at ¶54.) Notably, the PSI stated that the most recent offense occurred while Heisle was on supervised

---

[1] Count one was later dismissed. (Doc. No. 28.)

release for the previous conviction of possession with intent to distribute. (*Id.* at ¶ 57.) The PSI indicated that Heisle expressed remorse and responsibility for his actions. (*Id.* at ¶ 16.)

At sentencing, the Court imposed a 54-month term of imprisonment, three years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 28.) Heisle is currently 42 years old and has an anticipated release date of November 15, 2025. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited July 21, 2023).) Thus, Heisle has approximately 28 months remaining in his sentence.

The Government filed a Response to Defendant's Motion for Compassionate Release (Doc. No. 31) (the "Response"), in which the Government opposes the relief sought in the Motion. Heisle did not file a reply, and the time for him to do so has now expired. S.D. Ohio General Order 22-13 (order rescinding General Order 20-21 and explaining that briefing on motions for compassionate release will revert to the default under the local rules); S.D. Ohio Civ. R. 7.2(a)(2) (setting default deadlines for opposing and reply memoranda); S.D. Ohio Crim. R. 1.2 (applicability of the local civil rules to criminal actions); Fed. R. Civ. P. 6(d) (three-day mailbox rule).

## II. ANALYSIS

### A. Legal Standards

18 U.S.C. § 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant

3

such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[3] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted). The factors

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

[3] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

set forth in § 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a). Among the variety of items that courts specifically have considered in the context of motions for compassionate release are the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable (or known to the court) in all cases, and other items may be applicable. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the

factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted).

### B. Application

Heisle raised only one argument in his Motion as to why his situation involves alleged extraordinary and compelling reasons for compassionate release. (Doc. No. 30.) Specifically, Heisle asserted that he is at risk of losing property to the state for unpaid taxes. (*Id.*) This property allegedly passed to Heisle due to his mother's death. (*Id.*) Hesile further asserted that, if his sentence is not reduced, he will lose the property and be homeless upon his final release. (*Id.*)

In response, the Government argued that Heisle's motion lacks merit due to his inability to satisfy the requirements necessary for release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 31.) Namely, the Government argued that Heisle failed to exhaust his administrative remedies with the BOP, failed to establish an extraordinary and compelling reason for release, and failed to show that a sentence reduction is warranted by the § 3553(a) factors. (*Id.*)

#### 1. Exhaustion of Administrative Remedies

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; see also *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020)

("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). The exhaustion requirement is a mandatory claim-processing rule. *Alam*, 960 F.3d at 834 (6th Cir. 2020). Because of this, other courts have held that "[t]he defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Williams*, 458 F. Supp. 3d 939, 943 (W.D. Tenn. 2020).

The Government properly raised the argument that Hesile failed to exhaust his administrative remedies in the Response. (Doc. No. 31 at PageID 142.) Heisle provided no evidence in the Motion that he had exhausted his administrative remedies prior to bringing the motion on his own behalf. (Doc. No. 30.) Accordingly, the Court finds Heisle failed to exhaust his administrative remedies and, therefore, the Motion is untimely. *Alam*, 960 F.3d at 836. The Court dismisses the Motion without prejudice to refiling. *Id.*

### 2. Section 3553(a) Factors

Even if Heisle showed that he had successfully exhausted his administrative remedies, his Motion would still fail because he did not satisfy the three requirements outlined above. The Court will assume—without deciding—that Heisle has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment to satisfy the first requirement.[4] Regarding the second requirement, given that Heisle (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

---

[4] The Court emphasizes it has not actually found that any circumstance alleged by Heisle qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

Regarding the third requirement, the Court has considered the parties' arguments and the § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes consideration by the Court of Heisle's history and characteristics, such as his background, asserted good behavior in prison, and asserted participation in programming while incarcerated (although he has not submitted evidence supporting his asserted behavior or programming during his current term of incarceration). (Doc. No. 30.) Additionally, Heisle has accepted responsibility and expressed remorse for his actions. (Doc. No. 25 at PageID 101.)

Despite these considerations, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that, "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Heisle is currently incarcerated involved the maintenance of premises for the purpose of storing and distributing highly potent controlled substances. (Doc. No. 21 at PageID 65.) Moreover, the statement of facts in Heisle's plea agreement shows that he kept "bulk amounts" of such substances, namely fentanyl and methamphetamines, for resale. (*Id.*; *see also* Doc. No. 25 at ¶¶ 12-13.) Fentanyl in particular is widely regarded as a dangerous drug with a significant risk of lethal results. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using").

Additionally, Heisle's criminal history is extensive and includes prior convictions involving controlled substances. (Doc. No. 25 at ¶¶ 37, 44, 46-50, 54.) Of particular importance, Heisle committed the offense for which he is currently incarcerated while on supervised release for a previous conviction of possession with intent to distribute an illegal substance. (Doc. No. 25 at PageID 112-13.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6).  The people of Montgomery County have suffered through years of increased deaths due to fentanyl overdoses.

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, it appears that Heisle still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence defendant had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Heisle with so much time remaining on his sentence would minimize the impact of his crime and seriousness of his offense. *United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021).

Having considered the factors set forth in § 3553(a) to the extent that they are applicable, the Court finds that the requested sentence reduction is not warranted.  Thus, even if Heisle had exhausted his administrative remedies and even assuming the first two requirements had been met, the Court finds that consideration of the applicable § 3553(a) factors do not support granting the

9

reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021) (affirming denial of compassionate release motion, despite petitioner's chronic bronchitis, the spread of COVID-19 cases at his prison, and his status as a non-violent offender with no disciplinary actions against him at the BOP, where petitioner who pleaded guilty to distributing a controlled substance admitted that he had been selling drugs for over a year, the prosecutor asserted at sentencing that petitioner's house contained a gun and ammunition, petitioner had a criminal history of drug-related convictions, and petitioner had served only about 25% of his sentence); *Wright*, 991 F.3d at 720 (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

### III. CONCLUSION

Although the Court is sympathetic to Heisle's situation, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to § 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion (Doc. No. 30) without prejudice to refiling.[5]

---

[5] The Court acknowledges the valuable contribution and assistance of judicial intern Jacob Redden in drafting this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, August 1, 2023.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
